UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEONARD N. ANDERSON, CAROL D. BERG, and CAROL D. BERG LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>CITY OF ST. PAUL, MINNESOTA, a Minnesota Charter City; STEVEN MAGNER, both individually and in his official capacity as an employee of the City of St. Paul, Minnesota; KATHY LANTRY; MELVIN CARTER; DAVE THUNE; PAT HARRIS; RUSS STARK; LEE HELGEN; and DON BOSTROM, both individually and in their capacities as members of the City Council of the City of St. Paul; and KAMISH EXCAVATING, INC., a Minnesota Corporation,<br><br>                    Defendants. | Case No. 15-CV-1636 (PJS/HB)<br><br><br>ORDER |

Frederic W. Knaak, HOLSTAD & KNAAK PLC; Peter J. Nickitas, for plaintiffs.

Judith A. Hanson, SAINT PAUL CITY ATTORNEY'S OFFICE, for defendants City of St. Paul, Minnesota, Steven Magner, Kathy Lantry, Melvin Carter, Dave Thune, Pat Harris, Russ Stark, Lee Helgen, and Don Bostrom.

Nathan J. Knoernschild and Francis J. Rondoni, CHESTNUT CAMBRONNE, PA, for defendant Kamish Excavating, Inc.

Plaintiff Leonard N. Anderson lives on a 2.3-acre lot in St. Paul.  He and plaintiff Carol D. Berg have been in a committed relationship for a quarter century.  For nearly

as long, Anderson and defendant the City of St. Paul ("City") have been in a committed relationship of a different sort.

Anderson is a collector (the City would say a hoarder) of vehicles, boats, and numerous other items, which he stores on his land.  Compl. ¶ 17.  Every so often, the City tries to do something about Anderson's use of his land, and Anderson responds by suing the City.  This lawsuit is part of the ongoing struggle between Anderson and the City over Anderson's propensity to store a large number of items—junk, in the City's view; treasure, in Anderson's—on his property.

In this lawsuit, Anderson, Berg, and a company that Berg owns (Carol D. Berg, LLC, to which the Court will refer as "Berg LLC") have sued the City, a City employee, various City Council members, and a City contractor over two nuisance abatements of Anderson's land—one in 2010, and the other in 2011.  Plaintiffs allege that, in the course of those abatements, the City unlawfully took and destroyed their property.

This matter is before the Court on defendants' motions to dismiss [ECF Nos. 26, 32].  Because Anderson has already challenged both abatements in state court—and because Berg and Berg LLC have already challenged the 2011 abatement in state court—the doctrine of claim preclusion compels the dismissal of Anderson's federal claims regarding the 2010 abatement and all plaintiffs' federal claims regarding the 2011 abatement.  Further, the Court dismisses the federal claims of Berg and Berg LLC

regarding the 2010 abatement because those claims are not plausibly pleaded.  Finally, the Court declines to exercise supplemental jurisdiction over the state-law claims.

I.  BACKGROUND

Defendants move for dismissal of all claims under Federal Rules of Civil Procedure 12(b)(6) and 12(c).  In considering defendants' motions, the Court must treat the facts pleaded in the complaint as true and construe those facts in the light most favorable to plaintiffs.  *See DeVries v. Driesen*, 766 F.3d 922, 923 (8th Cir. 2014).  (It should be noted, however, that defendants strongly dispute much of what plaintiffs allege in their complaint.)

The parties have submitted many materials—including affidavits, photographs, and a video—in support of their arguments.  The Court has not relied on any of those materials, however, and thus the Court will not treat defendants' motions as being for summary judgment.  *See* Fed. R. Civ. P. 12(d).  The Court has considered only the allegations of the complaint and public records regarding Anderson's prior lawsuits (which public records can be considered without converting a Rule 12 motion into a Rule 56 motion, *see Levy v. Ohl*, 477 F.3d 988, 991-92 (8th Cir. 2007)).

*A.  Substantive Facts*

As noted, this lawsuit arises out of two nuisance abatements of Anderson's property.  The first abatement occurred on September 8, 2010.  Compl. ¶ 20.  The

St. Paul City Council ordered the abatement over the objection of Anderson and his then-counsel. Compl. ¶ 18. Defendant Kamish Excavating, Inc. ("Kamish") (a City contractor) carried out the abatement pursuant to the City's order and under the supervision of defendant Steven Magner. Compl. ¶ 18. In the course of the abatement, Kamish employees took and never returned items of Anderson's personal property, including a motor worth more than $3,000. Compl. ¶¶ 18-19. Kamish and the City, along with their employees, also damaged and destroyed items of Anderson's and Berg's personal property, including Anderson's vehicles. Compl. ¶ 20. In total, defendants destroyed, damaged, and took property worth over $200,000. Compl. ¶ 24.

The second abatement occurred on December 22, 2011. Compl. ¶¶ 21-23. During that abatement, defendants took (among other things) a packed shipping container belonging to Berg LLC and more than $23,000 of Anderson's and Berg's personal property that was stored in the container. Compl. ¶¶ 22, 26, 29. After defendants took the shipping container, Anderson and Berg repeatedly asked the City where the container was, but the City did not tell them. Compl. ¶ 27.

Six months later, Anderson and Berg discovered the shipping container in a parking lot behind Kamish's main building. Compl. ¶ 27. Kamish employees first denied that this was the same shipping container that had been removed from Anderson's land. Compl. ¶ 27. But after being shown documents identifying the

container as belonging to Berg LLC, Kamish gave the container back to plaintiffs. Compl. ¶ 27. The container was now empty, and defendants would not discuss the fate of its contents. Compl. ¶ 27.

Anderson also alleges that the City unlawfully failed to respond to repeated requests that it disclose all records and emails in its possession about him. Compl. ¶¶ 30-31. If the City had timely disclosed those records—in particular, an April 9, 2009 email between Magner and a Kamish employee—Anderson says that he would have removed offending property from his land before the City abated his land in 2010. Compl. ¶¶ 32-34.

### B. Procedural Facts

Anderson first challenged the order that led to the 2010 abatement before the City Council. Hanson Aff. Ex. 4 at 10-18, ECF No. 29-1. After he was unsuccessful, Anderson sued the City in Ramsey County District Court, seeking (among other things) a declaratory judgment that the City's abatement order was invalid. *Id.* Ex. 6 at 25-42. The court dismissed Anderson's claim for lack of jurisdiction; the court said that Anderson needed to petition the Minnesota Court of Appeals for a writ of certiorari if he wished to challenge a quasi-judicial decision of the City Council. *Id.* Ex. 7 at 43-46. Anderson then appealed the district court's decision and, to be safe, petitioned the Minnesota Court of Appeals for a writ of certiorari. *Id.* Ex. 8 at 47-51. The Minnesota

Court of Appeals affirmed the City Council's decision to abate Anderson's property and the district court's dismissal of his complaint. *Anderson v. City of St. Paul*, No. A09-1269, 2010 WL 1850648 (Minn. Ct. App. May 11, 2010). The Minnesota Supreme Court denied review. *See id.*

After the City abated Anderson's property in 2010, Anderson again sued the City in Ramsey County District Court regarding the abatement. *Id.* Ex. 11 at 56-70. Almost three months later, Anderson amended his complaint. *Id.* Ex. 12 at 71-87. On April 21, 2011, the court dismissed all of Anderson's claims, except for a conversion claim. *Id.* Ex. 13 at 88-101. The court specifically dismissed Anderson's constitutional claims "with prejudice and on the merits." *Id.* at 92.

Five months later, Anderson moved to voluntarily dismiss his remaining claim. *Id.* Ex. 14 at 102-14. The court agreed to dismiss Anderson's conversion claim without prejudice but expressly prohibited him from bringing any new claims arising from the 2010 abatement or any claims that the court had dismissed in its April 21, 2011 order; the court said that Anderson could refile only the conversion claim that had survived the City's motion to dismiss. *Id.* Ex. 15 at 2-3, ECF No. 29-2.

After the City again abated Anderson's property in 2011, Anderson again sued the City in Ramsey County District Court. *Id.* Ex. 30 at 74-76. This time, Berg and Berg LLC were also plaintiffs. *Id.* Plaintiffs amended their complaint, adding two City

officials as defendants. *Id.* Ex. 31 at 77-99. (The court denied plaintiffs' motion to amend their complaint a second time. *Id.* Ex. 32 at 100-04.) The court eventually granted summary judgment to defendants. *Id.* Ex. 33 at 105-10. The Minnesota Court of Appeals affirmed, *id.* Ex. 34 at 111-17, and the Minnesota Supreme Court denied review, *id.* Ex. 35 at 118-19.

After the unsuccessful conclusion of their state-court actions, Anderson, Berg, and Berg LLC filed this federal action challenging both the 2010 and 2011 abatements. Plaintiffs allege that the City, as well as Magner, Kamish, and the City Council members (together, the "Individual Defendants"), violated plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also bring state-law claims, alleging unlawful takings without compensation, conversion, negligence, and a violation of the Minnesota Government Data Practices Act.

## II. ANALYSIS

### A. Anderson's Claims

Defendants move to dismiss all of plaintiffs' claims, arguing that those claims are barred by the doctrine of claim preclusion. The Court agrees that because Anderson has already challenged the 2010 and 2011 abatements in state court, Anderson is precluded from challenging those same abatements in this action. The Court also agrees that because Berg and Berg LLC challenged the 2011 abatement in state court,

they are precluded from challenging that abatement in this action.  Only the claims of Berg and Berg LLC regarding the 2010 abatement are not precluded.

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  To determine whether the state-court actions preclude plaintiffs' claims here, the Court looks to the law of Minnesota, the forum where plaintiffs' earlier suits were litigated.  *See Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015).

In Minnesota, claim preclusion bars a later suit that arises from the same set of facts as a prior suit, regardless of what issues and theories were actually litigated in the prior suit.  *See Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).  Claim preclusion bars a later suit when:  "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter."  *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011) (footnote omitted).

1. 2010 Abatement

Anderson's state-court challenge to the 2010 abatement precludes him from challenging that abatement again before this Court. All four elements of claim preclusion are met:

First, both lawsuits arise from the same event: the 2010 abatement of Anderson's property.

Second, Anderson's present action involves the same parties and their privies. Anderson was a plaintiff—and the City was a defendant—in the prior action. And although the Individual Defendants were not parties to the prior action, they were in privity with the City. At oral argument, plaintiffs expressly conceded that Kamish and the City Council members were in privity with the City, and plaintiffs did not dispute the Court's suggestion that Magner was also in privity with the City. Plaintiffs' concession is well taken. In Minnesota, a government official (even when sued in his or her individual capacity) is generally held to be in privity with his or her government employer. *See, e.g.*, *Vizenor v. Hoffman*, No. A07-0646, 2008 WL 933480, at *3 (Minn. Ct. App. Apr. 8, 2008) (unpublished) (holding that two sheriff's deputies, in both individual and official capacities, were in privity with their county in an earlier suit challenging a

judicial forfeiture that the deputies carried out on the county's behalf, thus satisfying the second element of claim preclusion in a later suit).[1]

Third, as plaintiffs conceded at oral argument, the state court entered a final judgment on the merits.[2]

And fourth, Anderson had a full and fair opportunity to litigate any and all claims—federal or state—regarding the 2010 abatement. Anderson personally witnessed the abatement (including the taking of his property), and he faced no barrier to litigating whatever claims he wished to raise against the City or its privies.

---

[1]*See also Thornes v. City of Waldorf*, No. CIV. 13-546 JRT/LIB, 2014 WL 4829136, at *7 (D. Minn. Sept. 29, 2014) (applying Minnesota law); *Hoyt v. Goodman*, No. 10-CV-3680 SRN/FLN, 2012 WL 1094438, at *6 (D. Minn. Apr. 2, 2012) (finding that a city-council member individually was in privity with the city for issue-preclusion purposes); *Milliman v. Cty. of Stearns*, No. CIV. 05-2993 JRT/RLE, 2006 WL 2583170, at *16-21 (D. Minn. Sept. 7, 2006) (adopting Report and Recommendation, which recognized that Minnesota law controlled but cited federal cases to conclude that a government official, in both individual and official capacities, was in privity with the government). *But cf. Headley v. Bacon*, 828 F.2d 1272, 1279 (8th Cir. 1987) (applying federal law).

[2]Somewhat confusingly, the state court dismissed all but one of Anderson's claims with prejudice and entered judgment on April 21, 2011. Then, on October 3, 2011, that court dismissed Anderson's remaining claim (for conversion) without prejudice and ordered that any "new filing, or refiling, may not allege any claims which [the court] dismissed in its April 21, 2011 Order or any new claims that were not asserted in the Complaint filed in [that] action." Hanson Aff. Ex. 15 at 2-3, ECF No. 29-2. The order specified that Anderson was allowed to bring only claims that survived the City's earlier motion to dismiss—that is, his conversion claim. Thus, as defendants contend and plaintiffs concede, the state court's October 3, 2011 dismissal of Anderson's claims appears to be a final judgment on the merits.

2. 2011 Abatement

Likewise, Anderson's state-court challenge to the 2011 abatement precludes him from challenging that abatement before this Court. Again, all four elements of claim preclusion are met:

First, the claims asserted by Anderson in the state-court action and the claims asserted by Anderson in this action both arise from the 2011 abatement. Second, the state-court action and this action involve the same parties and their privies: Anderson was a plaintiff, the City was a defendant, and the Individual Defendants were the City's privies. Third, the state court granted defendants' motion for summary judgment and entered a final judgment on the merits. And fourth, Anderson had a full and fair opportunity to litigate any and all claims—federal and state—arising out of the 2011 abatement.

3. Continuing Wrong

Anderson does not seriously contest that any claim that he could have brought as part of his state-court actions is foreclosed under the doctrine of claim preclusion. And Anderson does not seem to seriously contest that many of the claims that he asserts in this action—such as his claims about the damage to his property—either were litigated or could have been litigated in his state-court actions. But Anderson does argue that among the claims that he is bringing in this action are claims for "continuing

wrongs"—claims that arise (at least in part) from conduct committed by the defendants *after* his state-court actions were dismissed. For example, Anderson claims that every day that a defendant does not *return* an item of property that was wrongfully taken during an abatement, that defendant commits a new legal wrong for which Anderson can sue.

Anderson's argument fails for two reasons:

First, Anderson did not plead any continuing-wrong claim in his complaint. To the contrary, Anderson alleged that his property was wrongfully taken and *destroyed*; he did not allege that any of his property is being wrongfully *retained*.

Second, Anderson's argument fails on the merits. In support of his "continuing wrong" theory, Anderson relies heavily on *Bowers v. Miss. & Rum River Boom Co.*, 81 N.W. 208 (Minn. 1899). But *Bowers* is easily distinguishable.

In *Bowers*, the defendant put piling in a river in a way that directed water, ice, and logs onto the plaintiff's land. *Bowers*, 81 N.W. at 209. The plaintiff sued for this nuisance and recovered compensation for the damages that he had suffered. *Id.* After the lawsuit was concluded, the defendant left the piling in the river, and once again water and debris were directed onto the plaintiff's land, causing new damage. *Id.* The Minnesota Supreme Court allowed the plaintiff to bring a second lawsuit to recover compensation for the new damage, holding that "where the injury is in the nature of a

continuing trespass or nuisance, successive actions may be maintained for the recovery of the damages as they accrue." *Id.*

*Bowers* differs from Anderson's case because the second suit in *Bowers* addressed ongoing wrongful *conduct*, not just ongoing *harm* stemming from a wrong that had been completed before the first suit was filed.  The conduct of which Anderson complains—coming onto his property and wrongfully taking and destroying his property—is not in the nature of a continuing wrong.[3]  Had Anderson succeeded in his state-court actions, he would have been compensated for *all* of the harm that he suffered—past, present, and future.  Anderson "is not suing in federal court to recover damages that have accumulated since his suit in state court; rather, he is seeking a second chance to establish the illegality of events that occurred . . . years ago."  *Rose v. Town of Harwich*, 778 F.2d 77, 82 (1st Cir. 1985).  Anderson's claims are foreclosed under the doctrine of claim preclusion.

---

[3]On Anderson's theory, Anderson could sue a pickpocket who stole his wallet in 2010 and recover the full value of the wallet and its contents, and then sue the pickpocket again in 2011 for not returning the wallet, and then again in 2012 for not returning the wallet, and on and on ad infinitum.  That obviously is not the law.

### B. Berg and Berg LLC's Claims

#### 1. 2010 Abatement

Berg and Berg LLC were not parties to Anderson's state action challenging the 2010 abatement. Nor can the Court find on the present record that Berg or Berg LLC were in privity with Anderson. Thus, the doctrine of claim preclusion does not foreclose Berg or Berg LLC from bringing claims arising out of the 2010 abatement.

That said, the complaint fails to plausibly plead that the 2010 abatement violated any federal right of Berg or Berg LLC. To survive a motion to dismiss, a complaint must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of the cause of action . . . ." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

In discussing the 2010 abatement, the complaint does not mention Berg LLC *at all*, and the complaint mentions Berg only in passing. Specifically, the complaint alleges that:

> While purportedly carrying out an abatements [sic] at
> Anderson's residence on September 8, 2010, Kamish,
> Magner, the city, and their employees, jointly and severally
> under color of law with numerous St. Paul police officers

-14-

>    present, physically destroyed numerous and valuable items
>    of personal property owned by Anderson and Berg and
>    several damaged vehicles and other items of personal
>    property owned by Anderson at the Anderson Residence.

Compl. ¶ 20.

The complaint merely recites—in a conclusory and formulaic manner—that an unidentified defendant or defendants destroyed unidentified items of Berg's property. The complaint does not identify a single item of Berg's property that was destroyed or identify the defendant who destroyed it.  This failure seems to be more than just a pleading defect.  When pressed at oral argument, plaintiffs could not identify a single item of Berg's property that was taken or destroyed in the 2010 abatement.  To the contrary, plaintiffs' counsel candidly admitted that all of the items taken in that abatement likely belonged to Anderson.

Because the complaint does not plausibly plead that any federal right of Berg or Berg LLC was violated in the 2010 abatement, the Court dismisses all of Berg's and Berg LLC's federal claims regarding that abatement.[4]

---

[4]Plaintiffs have moved for leave to amend their complaint, but their proposed amended complaint likewise does not allege any facts connecting Berg or Berg LLC to the 2010 abatement.

2. 2011 Abatement

Berg and Berg LLC were plaintiffs in the state-court action challenging the 2011 abatement. Their federal claims arising from the 2011 abatement are therefore precluded for the same reasons that Anderson's claims are precluded.

*C. Supplemental Jurisdiction*

The Court has dismissed all of plaintiffs' federal claims under the doctrine of claim preclusion, save for the federal claims of Berg and Berg LLC arising out of the 2010 abatement, which claims the Court has dismissed because they are not plausible. Given that this lawsuit is in its infancy, and given that no federal claims remain, the Court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims. *See Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726 (8th Cir. 2008). Those claims are dismissed without prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motions to dismiss [ECF Nos. 26, 32] are GRANTED as follows:

    a.    Claims I, II, III, and IV are DISMISSED WITH PREJUDICE, except for Claim III's claim of a violation of the Minnesota Constitution, which is DISMISSED WITHOUT PREJUDICE.

    b.    Claim V's claim that the City's ordinance violates the United States Constitution is DISMISSED WITH PREJUDICE.

    c.    Plaintiffs' remaining claims are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 16, 2016                        s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge